**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Roger Krueger; Jeffrey Olson; Edward Pope; Deborah Tuckner; Bernice Hillukka; Susan Wones; and Margene Bauhs, individually and as representatives of a class of similarly situated persons, and on behalf of the Ameriprise Financial 401(k) Plan, | ) ) ) ) ) ) ) | |
| | ) | Case No. 0:11-cv-02781-SRN-JSM |
| Plaintiffs, | ) ) | Hon. Susan Richard Nelson |
| v. | ) ) | Magistrate Judge Janie S. Mayeron |
| Ameriprise Financial, Inc.; Ameriprise Financial, Inc. Employee Benefits Administration Committee; Michelle Rudlong; Ameriprise Financial, Inc. 401(k) Investment Committee; Compensation and Benefits Committee of the Board of Directors of Ameriprise Financial, Inc.; Ira D. Hall; Warren D. Knowlton; W. Walker Lewis; Siri S. Marshall; Jeffrey Noddle; Richard F. Powers III; Robert F. Sharpe, Jr.; John Does 1-60; Jeffrey P. Fox; Phil Wentzel; Jeffrey A. Williams; Martin S. Solhaug; Kristi L. Peterson; Timothy V. Bechtold; and Brent Sabin, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Ameriprise Financial, Inc. ("Ameriprise"), Ameriprise Financial, Inc.

Employee Benefits Administration Committee ("EBAC"), Ameriprise Financial, Inc. 401(k)

Investment Committee ("Investment Committee"), Compensation and Benefits Committee of the

Board of Directors of Ameriprise Financial, Inc. ("CBC"), Michelle Rudlong, Ira D. Hall,

Warren D. Knowlton, W. Walker Lewis, Siri S. Marshall, Jeffrey Noddle, Richard F. Powers III,

Robert F. Sharpe, Jr., Jeffrey P. Fox, Phil Wentzel, Jeffrey A. Williams, Martin S. Solhaug,

Kristi L. Petersen, Timothy V. Bechtold, and Brent Sabin (collectively, "Defendants") respectfully submit their answer and affirmative defenses to Plaintiffs Roger Krueger, Jeffrey Olson, Edward Pope, Deborah Tuckner, Bernice Hillukka, Susan Wones, and Margene Bauhs's (collectively, "Plaintiffs") First Amended Complaint.

Unless specifically admitted, Defendants deny each and every averment in the First Amended Complaint ("Complaint").  To the extent that Plaintiffs have included headings, or other impertinent material that is inappropriate under Rules 8 and 12(f) of the Federal Rules of Civil Procedure, no response is necessary and any such inappropriate material should be stricken. In any event, to the extent any headings or inappropriate material are deemed to require a response, Defendants deny them.  Defendants expressly reserve the right to amend and/or supplement their Answer as may be necessary.

Subject to the foregoing, Defendants respectfully admit, deny, and assert as follows:

1.      Defendants admit that Plaintiffs purport to assert claims pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), on behalf of the Ameriprise Financial 401(k) Plan (the "Plan") and a class of participants and beneficiaries of the Plan, but deny that Plaintiffs are entitled to any relief on their claims. Defendants deny the remaining allegations in paragraph 1, and specifically deny that Defendants have breached any fiduciary duties.

2.      The allegations in paragraph 2 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter.

3.      The allegations in paragraph 3 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is

proper in this jurisdiction.  Defendants deny the remaining allegations in paragraph 3, and specifically deny that Defendants have breached any fiduciary duties.

4.     Defendants admit the allegations in paragraph 4.

5.     Defendants admit the allegations in paragraph 5.

6.     Defendants admit the allegations in paragraph 6.

7.     Defendants admit that the Plan is structured as a qualified plan under 26 U.S. C. § 401(a), and that retirement plans structured as qualified plans under 26 U.S. C. § 401(a) are sometimes referred to as 401(k) plans.

8.     Defendants admit that the Plan was adopted effective October 1, 2005.

9.     Defendants admit the allegations in paragraph 9.

10.     Defendants admit that Ameriprise Trust Company ("ATC") was the directed trustee and recordkeeper of the Plan through March 31, 2007 on terms and conditions similar to the trustee and recordkeeping services they provided to a number of other large 401(k) plans.

11.     Defendants deny the allegations in paragraph 11, except admit that effective April 1, 2007 Ameriprise and Wachovia Bank, NA ("Wachovia") engaged in a sale of assets and liabilities related to ATC's recordkeeping business and that Wachovia served as the Plan's trustee and recordkeeper after that date.

12.     Upon information and belief, Defendants admit the allegations in paragraph 12.

13.     Upon information and belief, Defendants admit that Roger Krueger has been a participant in the Plan since October 1, 2005.   Defendants lack sufficient information to admit or deny, and therefore deny, that Krueger resides in Plymouth, Minnesota.  Defendants deny the remaining allegations in paragraph 13.

14.     Upon information and belief, Defendants admit that Plaintiff Jeffrey Olson was a

participant in the Plan from October 2007 through at least 2010.  Defendants lack sufficient information to admit or deny, and therefore deny, that Olson resides in Maple Grove, Minnesota. Defendants deny the remaining allegations in paragraph 14.

15.     Upon information and belief, Defendants admit that Plaintiff Edward Pope was a participant in the Plan from October 1, 2005 through August 2009.  Defendants lack sufficient information to admit or deny, and therefore deny, that Pope resides in Richfield, Minnesota. Defendants deny the remaining allegations in paragraph 15.

16.     Upon information and belief, Defendants admit that Deborah Tuckner has been a participant in the Plan since October 1, 2005.   Defendants lack sufficient information to admit or deny, and therefore deny, that Tuckner resides in Lake Elmo, Minnesota.  Defendants deny the remaining allegations in paragraph 16.

17.     Upon information and belief, Defendants admit that Plaintiff Bernice Hillukka was a participant in the Plan from October 1, 2005 through March 2011.  Defendants lack sufficient information to admit or deny, and therefore deny, that Hillukka resides in Plymouth, Minnesota.  Defendants deny the remaining allegations in paragraph 17.

18.     Upon information and belief, Defendants admit that Plaintiff Susan Wones was a participant in the Plan from October 1, 2005 through February 2010.  Defendants lack sufficient information to admit or deny, and therefore deny, that Wones resides in Andover, Minnesota. Defendants deny the remaining allegations in paragraph 18.

19.     Upon information and belief, Defendants admit that Plaintiff Margene Bauhs has been a participant in the Plan since October 1, 2005.  Defendants lack sufficient information to admit or deny, and therefore deny, that Bauhs resides in Chaska, Minnesota.  Defendants deny the remaining allegations in paragraph 19.

20.     The Defendants admit that Ira D. Hall, Warren D. Knowlton, W. Walker Lewis, Siri S. Marshall, Jeffrey Noddle, Richard F. Powers III, and Robert F. Sharpe, Jr. serve or at some time served as members of the Compensation and Benefits Committee of the Board of Directors of Ameriprise, and that the Ameriprise Financial, Inc. Employee Benefits Administration Committee (the "EBAC") has been responsible for aspects of the Plan's administration. Defendants state that the EBAC's member appointment and designation and responsibilities under the Plan are described in the Plan's governing documents, which speak for themselves. To the extent the allegations are inconsistent with these documents, the allegations are denied. The remaining allegations in paragraph 20 of the Complaint assert legal conclusions and characterizations to which no response is required.

21.     The allegations in paragraph 21 of the Complaint assert legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants state that the EBAC's responsibilities under the Plan are described in the Plan's governing documents, which, along with the statute, speak for themselves. To the extent the allegations are inconsistent with these documents, the allegations are denied.

22.     The allegations in paragraph 22 of the Complaint assert legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants state that the EBAC's responsibilities under the Plan are described in the Plan's governing documents, which, along with the statute, speak for themselves. To the extent the allegations are inconsistent with these documents, the allegations are denied.

23.     Defendants admit that Jeffrey P. Fox and Martin S. Solhaug at some time served as members of the EBAC and that each of them at some point held the corporate titles identified as to them in paragraph 23. Defendants also admit that Phil Wentzel held the corporate title

identified in paragraph 23 at some time in the relevant period, but specifically deny that Mr.

Wentzel served on the EBAC at any time during the relevant period.  Defendants further admit

that Plaintiffs purport not to know the identity of all specific people who served on the EBAC;

that Plaintiffs have named unknown John Does 1-10; and that Plaintiffs intend to join any such

individuals if Plaintiffs identify them in the future.  The remaining allegations in paragraph 23 of

the Complaint assert legal conclusions and characterizations to which no response is required.

To the extent a response is required, Defendants state that the EBAC's responsibilities under the

Plan are described in the Plan's governing documents, which , along with the statute, speak for

themselves.  To the extent the allegations are inconsistent with these documents, the allegations

are denied.

24.     Defendants admit that Michelle Rudlong is the Director, Retirement & Deferred

Compensation Benefits at Ameriprise.  Defendants further admit that, as a non-fiduciary delegate

of the EBAC, Ms. Rudlong signed the Plan's Form 5500s, filed with the Department of Labor.

The remaining allegations in paragraph 24 of the Complaint assert legal conclusions and

characterizations to which no response is required.  To the extent a response is required,

Defendants deny the remaining allegations contained in paragraph 24.

25.     Defendants admit that Plaintiffs purport not to know the identity of specific

people who were delegated fiduciary functions by the EBAC;  that Plaintiffs have named

unknown John Does 11-20; and that Plaintiffs intend to join any such individuals if Plaintiffs

identify them in the future.  Defendants deny the remaining allegations in paragraph 25.

26.     The allegations in paragraph 26 of the Complaint assert legal conclusions and

characterizations to which no response is required.  To the extent a response is required,

Defendants state that the Investment Committee's member appointment and designation and

responsibilities under the Plan are described in the Plan's governing documents, which, along with the statute, speak for themselves.  To the extent the allegations are inconsistent with these documents, the allegations are denied.

27.     The allegations in paragraph 27 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the Investment Committee's responsibilities under the Plan are described in the Plan's governing documents, which, along with the statute, speak for themselves.  To the extent the allegations are inconsistent with these documents, the allegations are denied.

28.     The Defendants admit that Jeffrey W. Williams, Martin S. Solhaug, Kristi L. Petersen, and Timothy V. Bechtold serve or at some time served as members of the Investment Committee and that each of them at some point held the corporate titles identified as to them in paragraph 28.  The remaining allegations in paragraph 28 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required,  Defendants state that the Investment Committee's responsibilities and delegating authority under the Plan are described in the Plan's governing documents, which, along with the statute, speak for themselves.  To the extent the allegations are inconsistent with these documents and to the extent a response is required, the allegations are denied.

29.     Defendants admit that Plaintiffs purport not to know the identity of all specific people who served on the Investment Committee; that Plaintiffs have named unknown John Does 21-30; and that Plaintiffs intend to join any such individuals if Plaintiffs identify them in the future.

30.     Defendants admit that Brent Sabin is the Vice President, Benefits at Ameriprise. Defendants further admit that Mr. Sabin served as a non-fiduciary delegate of the EBAC and the

Investment Committee and serves or at some time served as Secretary of the EBAC and the

Investment Committee.  The Defendants deny the remaining allegations contained in paragraph

30.

31.     Defendants admit that Plaintiffs purport not to know the identity of specific

people who have been delegated fiduciary functions by the Investment Committee; that Plaintiffs

have named unknown John Does 31-40; and that Plaintiffs intend to join any such individuals if

Plaintiffs identify them in the future.

32.     The allegations in paragraph 32 of the Complaint assert legal conclusions and

characterizations to which no response is required.  To the extent a response is required,

Defendants state that the CBC's responsibilities, if any, under the Plan are described in the

Plan's governing documents, which, along with the statute, speak for themselves.  Defendants

further state that the appointment of the CBC members is described in the publicly-available

Compensation and Benefits Committee Charter, which speaks for itself.  To the extent the

allegations are inconsistent with these documents and to the extent a response is required, the

allegations are denied.

33.     The allegations in paragraph 33 of the Complaint assert legal conclusions and

characterizations to which no response is required.  To the extent a response is required,

Defendants state that the CBC's responsibilities and delegating authority, if any, under the Plan

are described in the Plan's governing documents, which, along with the statute, speak for

themselves.  To the extent the allegations are inconsistent with these documents and to the extent

a response is required, the allegations are denied.

34.     The Defendants admit that Ira D. Hall, Warren D. Knowlton, W. Walker Lewis,

Siri S. Marshall, Jeffrey Noddle, Richard F. Powers III, and Robert F. Sharpe, Jr. serve or at

some time served as members of the Compensation and Benefits Committee of the Board of Directors of Ameriprise.  Except as so admitted, Defendants deny the remaining allegations in paragraph 34.

35.     Defendants admit that Plaintiffs purport not to know the identity of specific people who served on the CBC; that Plaintiffs have named unknown John Does 41-50; and that Plaintiffs intend to join any such individuals if Plaintiffs identify them in the future.

36.     Defendants admit that Plaintiffs purport not to know the identity of specific people who may have been delegated fiduciary functions by the CBC; that Plaintiffs have named unknown John Does 51-60; and that Plaintiffs intend to join any such individuals if Plaintiffs identify them in the future.

37.     Defendants admit that Ameriprise is the sponsor of the Plan.  The remaining allegations in paragraph 37 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the referenced statute speaks for itself.

38.     Defendants deny that Ameriprise provided trustee and record-keeping services to the Plan.  Defendants admit that employees of Ameriprise have at times provided certain administrative services to the Plan.  The remaining allegations in paragraph 38 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 38.

39.     The allegations in paragraph 39 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the Board's and CBC's responsibilities under the Plan are described in the Plan's governing documents, which speak for themselves.  To the extent the allegations are inconsistent with these

documents and to the extent a response is required, the allegations are denied.

40.     The allegations in paragraph 40 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the Board's and CBC's responsibilities under the Plan are described in the Plan's governing documents, which, along with the statute, speak for themselves.  To the extent the allegations are inconsistent with these documents and to the extent a response is required, the allegations are denied.

41.     The allegations in paragraph 41 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 41.

42.     Defendants admit that Ameriprise is a corporate entity.  The remaining allegations in paragraph 42 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 42.

43.     Defendants admit the allegations in paragraph 43.

44.     Defendants admit that prior to the 2005 spin-off from American Express Company, Ameriprise was a subsidiary of American Express Company known as American Express Financial Corporation.

45.     Except as so stated and admitted, Defendants deny the allegations in paragraph 45 of the Complaint.  Defendants admit that RiverSource Investments, LLC ("RiverSource") is now known as Columbia Management Investment Advisers, LLC ("Columbia"), which is a subsidiary of Ameriprise.   Defendants further admit that Columbia served or serves as investment adviser for investment products which at certain points in time have been variously branded as, among others, Columbia, RiverSource, Seligman, and Threadneedle.

46.     Defendants admit that Ameriprise owns the Columbia Management brand. Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47.     Defendants admit that RiverSource Distributors, Inc. is now known as Columbia Management Investment Distributors, Inc., which is a subsidiary of Ameriprise and a registered broker-dealer.  Defendants further admit that Columbia Management Investment Distributors, Inc. served or serves as the principal distributor of funds which at certain points in time have been variously branded as, among others, Columbia, RiverSource, Seligman, and Threadneedle. Except as so stated and admitted, Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants admit that RiverSource Service Corporation is now known as Columbia Management Investment Services Corp., which is a subsidiary of Ameriprise. Defendants further admit that Columbia Management Investment Services Corp. is the transfer agent for the Columbia, RiverSource, Seligman, and Threadneedle branded funds.  Except as so stated and admitted, Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants admit that Ameriprise Financial Services, Inc. is an indirect subsidiary of Ameriprise and a registered broker-dealer and registered investment adviser.  Except as so stated and admitted, Defendants deny the allegations in paragraph 49.

50.     Defendants admit that Ameriprise Retirement Services was a service group of ATC and Ameriprise Financial Services, Inc.  Defendants deny the remaining allegations in paragraph 50.

51.     Defendants state that Ameriprise Financial Services, Inc., Columbia Management Investment Advisers LLC, Columbia Management Investment Services Corp., Ameriprise Trust Company, Ameriprise Bank, FSB, RiverSource Distributors, Inc., J.&W.  Seligman & Co.,

Incorporated, Columbia Management Investment Distributors, Inc., Threadneedle Investments North America LLC, and Columbia Wanger Asset Management, LLC are subsidiaries of Ameriprise.  Except as so stated, Defendants deny the allegations in paragraph 51.

52.     Defendants admit that at certain points in time Ward D. Armstrong has served as Senior Vice President Retirement Services of Ameriprise, Director and Chairman of the Board of ATC, and Director and Senior Vice President of RiverSource.  Defendants further admit that at certain points in time Jacqueline M. Sinjem has served as Vice President Plan Sponsor Services of Ameriprise and Vice President of ATC.  Except as so stated and admitted, Defendants deny the allegations in paragraph 52.

53.     The allegations in paragraph 53 assert legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that there are several investment options offered to 401(k) plans that are professionally managed and whose costs or prices are subject to market competition.  Except as so admitted, Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants admit that the Plan participants directed  the investment of their accounts in options offered under the Plan, which options include mutual funds managed by RiverSource and Columbia as well as commingled trusts managed by ATC.  Defendants also state that the amounts invested are disclosed in the Plan's Forms 5500 and Forms 11-K, which are publicly available.  To the extent that the allegations are inconsistent with such information, the allegations are denied.  Except as so stated and admitted, Defendants deny the allegations in paragraph 54.

55.     The Defendants admit that the listed RiverSource and Columbia Mutual Funds were offered as investment options at points during the relevant time period.

56.     Defendants admit that the Investment Committee has at times selected the investment vehicles to be offered as investment options under the Plan.  Defendants deny that the Investment Committee, the CBC, or the membership of either Committee selected the investment options offered in the Plan at the time the assets and liabilities of the American Express Incentive Savings Plan pertaining to employees of the American Express Financial Corporation were transferred to the Plan.  Defendants deny the remaining allegations in paragraph 56.

57.     Defendants state that the amounts invested are disclosed in the Plan's Forms 5500 and Forms 11-K, which are publicly available.  To the extent that the allegations are inconsistent with such information, the allegations are denied.

58.     Defendants admit that RiverSource entities are subsidiaries of Ameriprise and have received compensation for services provided to Riversource mutual funds.  Except as so admitted, the Defendants deny the allegations contained in paragraph 58.

59.     Defendants admit that ATC was at one time the Plan's trustee and recordkeeper and that Ameriprise sold its defined contribution recordkeeping business to Wachovia.  Except as so admitted, the Defendants deny the allegations contained in paragraph 59.

60.     The Defendants deny the allegations contained in paragraph 60.

61.     The allegations in paragraph 61 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the expense ratios for the funds referenced in paragraph 61 are reported in the publicly-available prospectuses for those funds, which speak for themselves.  Defendants further state that the report referenced in paragraph 61 speaks for itself.  Except as so stated, Defendants deny the allegations in paragraph 61.

62.     Defendants admit that the R4 share class of the RiverSource Mutual Funds was

offered as an investment option in the Plan and further admit that at least some of the RiverSource Mutual Funds offered also had an R5 share class.  Defendants further state that the expense ratios for the share classes of the RiverSource Mutual Funds are reported in the publicly-available prospectuses for those funds, which speak for themselves.  Defendants deny the remaining allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63, except state that the expense ratio for each RiverSource Mutual Fund offered under the Plan, including where applicable a component titled "Plan Administrative Services," were disclosed in the funds' prospectuses, which speak for themselves, and that Ameriprise direct or indirect subsidiaries and Wachovia at times received payments from particular RiverSource Mutual Funds.

64.     Defendants admit that the R4 share class of RiverSource Mutual Funds has offered revenue sharing that could be used to defray the administrative costs of retirement plans that invested in those shares.  Except as so admitted, Defendants deny the allegations contained in paragraph 64.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants state that the fees and expenses paid by the Plan's mutual fund investment options are reported in the publicly-available prospectuses for those funds, which speak for themselves.  Except as so stated, Defendants deny the allegations contained in paragraph 66.

67.     Defendants deny the allegations in paragraph 67, except to state that the referenced Department of Labor report speaks for itself.

68.     Defendants deny the allegations contained in paragraph 68, except to state that the mutual funds' performance against their benchmarks have been reported in the respective fund

prospectuses, which speak for themselves.

69.     Defendants deny the allegations contained in paragraph 69, except to state that the referenced Morningstar ratings are reported in Morningstar reports, which speak for themselves.

70.     Defendants lack sufficient information to admit or deny the allegations in paragraph 70 of the Complaint and therefore deny them.

71.     Defendants deny the allegations contained in paragraph 71, except to state that the amounts invested in the RiverSource Funds are disclosed in the publicly-available prospectuses for those funds, which speak for themselves.

72.     Defendants admit that the Investment Committee added eight target date funds, called RiverSource Retirement Plus, to the Plan in 2006 and that the Plan invested in the RiverSource Retirement Plus Funds at their inception.  Defendants further state that the assets held in target date funds offered by fund families at that time, as well as the expense ratios and performance histories of those funds, were reported in the funds' respective prospectuses which speak for themselves.  Except as so stated and admitted, Defendants deny the allegations in paragraph 72.

73.     Defendants admit that the RiverSource Retirement Plus funds invested in underlying RiverSource mutual funds.  The Defendants further state that the fees and expenses associated with the RiverSource Retirement Plus funds has been reported in the publicly-available prospectuses for those funds, which speak for themselves.  Except as so admitted and stated, the Defendants deny the remaining allegations in paragraph 73.

74.     The Defendants state that the fees and expenses associated with  target date funds offered by particular fund families have been reported in the publicly-available prospectuses for those funds, which speak for themselves.  Except as so stated, Defendants lack sufficient

information to admit or deny the allegations in paragraph 74 of the Complaint and therefore deny them.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76, except to state that the referenced Morningstar reports speak for themselves.

77.     Defendants deny the allegations in paragraph 77, except to state that the referenced report speaks for itself.

78.     Defendants admit that the Plan invested in the RiverSource Retirement Plus Funds at their inception.  Defendants deny the remaining allegations contained in paragraph 78.

79.     Defendants admit that the RiverSource Retirement Plus funds, as new funds, did not have Morningstar ratings in 2006.  Defendants deny the remaining allegations contained in paragraph 79.

80.     Defendants admit that ATC managed various non-mutual fund investment options offered in the Plan, including the RiverSource Equity Income Fund III, RiverSource Small Equity Index I, RiverSource Long-Term Horizon Fund, RiverSource Medium-Term Horizon Fund, RiverSource Short-Term Horizon Fund and the Income Fund.  Defendants admit that each of these non-mutual fund investment options paid fees to ATC.

81.     Defendants admit that the Horizon Funds invested in RiverSource mutual funds. Except as so admitted, Defendants deny the allegations contained in paragraph 81.

82.     Defendants deny the allegations contained in paragraph 82.

83.     Defendants admit that certain plan participants invested a portion of their 401(k) assets in a Self-Managed Brokerage Account ("SMBA").

84.     Defendants deny the allegations contained in paragraph 84.

85.     Defendants admit that effective January 2011, the Plan switched brokerage windows from one managed by Ameriprise Financial Services, Inc. to one managed by Charles Schwab.  Except as so stated, Defendants deny the allegations contained in paragraph 85.

86.     Defendants admit that while the Plan once required certain de minimis account and transfer thresholds to be met for investments through the brokerage window, now participants may make contributions directly to their brokerage account.  Except as so admitted, Defendants deny the allegations contained in paragraph 86.

87.     Defendants admit that Participants were required to pay fees for maintaining and trading in the SMBA which were paid to the trustee of the SMBA as compensation for services provided.

88.     Defendants deny the allegations contained in paragraph 88, except to state that the referenced SPD speaks for itself.

89.     Defendants admit that, as an administrative matter, amounts invested in the SMBA have had to be temporarily placed in one of the Plan's core investment options in order to facilitate the withdrawal of those amounts from the Plan.  Defendants deny the remaining allegations contained in paragraph 89 and specifically deny that this requirement exists today.

90.     Defendants admit that presently loans may not be taken directly from the SMBA but that funds could be moved from the SMBA to one of the Plan's core investment options and be available for a loan.  Except as so stated and admitted, Defendants deny the remaining allegations contained in paragraph 90 and specifically deny that Plan participants currently are not allowed to invest directly into the option in the SMBA with the regular contributions.

91.     Defendants deny that the information in paragraph 91 contains "each of the 'core' investment options in the Plan."  Defendants also state that the amounts invested are disclosed in

the Plan's Forms 5500 and Forms 11-K, which are publicly available. To the extent that the allegations are inconsistent with such information, the allegations are denied. Except as so stated and admitted, the allegations in paragraph 91 are denied.

92. Defendants state that the amounts invested are disclosed in the Plan's Forms 5500 and Forms 11-K, which are publicly available. To the extent that the allegations are inconsistent with such information, the allegations are denied. Except as so stated and admitted, the allegations in paragraph 92 are denied.

93. Defendants state that the amounts invested are disclosed in the Plan's Forms 5500 and Forms 11-K, which are publicly available. To the extent that the allegations are inconsistent with such information, the allegations are denied.

94. Defendants admit that throughout the relevant time period, the Investment Committee added a number of investment options, including proprietary and non-proprietary funds, to the original fund lineup. Defendants further state that the Plan's investment lineup over time has been reflected in the Plan's summary plan descriptions, which speak for themselves. Except as so admitted and stated, Defendants deny the allegations in paragraph 94.

95. The allegations in paragraph 95 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants state that the referenced statutory provision speaks for itself.

96. The allegations in paragraph 96 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants state that the referenced statutory provision speaks for itself.

97. The allegations in paragraph 97 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants state that the

referenced legal opinion speaks for itself.

98.     The allegations in paragraph 98 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the referenced regulatory pronouncement speaks for itself.

99.     The allegations in paragraph 99 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the referenced regulatory pronouncements speak for themselves.

100.    The allegations in paragraph 100 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the referenced statutory provisions speak for themselves.

101.    The allegations in paragraph 101 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 101.

102.    The allegations in paragraph 102 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the referenced statutory provision speaks for itself.

103.    The allegations in paragraph 103 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the referenced statutory provision speaks for itself.

104.    The allegations in paragraph 104 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the referenced statutory provision speaks for itself.

105.    The allegations in paragraph 105 of the Complaint assert legal conclusions to

which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 105, and specifically aver that this action may not be maintained as a class action on behalf of the purported class or otherwise.

106.    The allegations in paragraph 106 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 106, and specifically aver that this action may not be maintained as a class action on behalf of the purported class or otherwise.

107.    Defendants incorporate their responses to the previous paragraphs as if fully set forth here.

108.    Defendants admit that Plaintiffs purport to assert a breach of fiduciary duty by Defendants  in Count I, but otherwise deny the allegations in paragraph 108 and deny that Plaintiffs are entitled to any relief on their claims.

109.    The allegations in paragraph 109 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 109, except admit that the documents governing the Plan state that the EBAC is identified in the Plan as a "named fiduciary."

110.    The allegations in paragraph 110 of the Complaint assert legal conclusions and characterizations to which no response is required.

111.    The allegations in paragraph 111 of the Complaint assert legal conclusions and characterizations to which no response is required.

112.    The allegations in paragraph 112 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 112, and specifically deny that any of the

Defendants have breached any fiduciary duties.

113.    The allegations in paragraph 113 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 113, and specifically deny that any of the Defendants have breached any fiduciary duties.

114.    The allegations in paragraph 114 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 114.

115.    The allegations in paragraph 115 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 115, and specifically deny that any of the Defendants have breached any fiduciary duties.

116.    The allegations in paragraph 116 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 116, and specifically deny that any of the Defendants have breached any fiduciary duties.

117.    The allegations in paragraph 117 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 117, and specifically deny that any of the Defendants have breached any fiduciary duties.

118.    Defendants incorporate their responses to the previous paragraphs as if fully set forth here.

119.    Defendants admit that Plaintiffs purport to assert breach of fiduciary duty claims

in Count II against the CBC and its members and delegates and Ameriprise, but deny that Plaintiffs are entitled to any relief on their claims. Defendants deny the remaining allegations in paragraph 119, and specifically deny that any of the Defendants has breached any fiduciary duties.

120. The allegations in paragraph 120 of the Complaint assert legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 120.

121. The allegations in paragraph 121 of the Complaint assert legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 121.

122. The allegations in paragraph 122 of the Complaint assert legal conclusions and characterizations to which no response is required.

123. The allegations in paragraph 123 of the Complaint assert legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 123, and specifically deny that any of the Defendants have breached any fiduciary duties.

124. The allegations in paragraph 124 of the Complaint assert legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 124, and specifically deny that any of the Defendants have breached any fiduciary duties.

125. The allegations in paragraph 125 of the Complaint assert legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 125, and specifically deny that any of the

Defendants have breached any fiduciary duties.

126.    Defendants incorporate their responses to the previous paragraphs as if fully set forth here.

127.    Defendants admit that Plaintiffs purport to assert prohibited transaction claims against all Defendants in Count III, but deny that Plaintiffs are entitled to any relief on their claims.  Defendants deny the remaining allegations in paragraph 127, and specifically deny that any of the Defendants has breached any fiduciary duties.

128.    The allegations in paragraph 128 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 128.

129.    The allegations in paragraph 129 of the Complaint assert legal conclusions and characterizations to which no response is required.

130.    The allegations in paragraph 130 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 130.

131.    The allegations in paragraph 131 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 131.

132.    Defendants incorporate their responses to the previous paragraphs as if fully set forth here.

133.    Defendants admit that Plaintiffs purport to assert prohibited transaction claims against Ameriprise and the CBC Defendants in Count IV, but deny that Plaintiffs are entitled to any relief on their claims.  Defendants deny the remaining allegations in paragraph 133, and

specifically deny that any of the Defendants have breached any fiduciary duties.

134.    The allegations in paragraph 134 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 134.

135.    The allegations in paragraph 135 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 135.

136.    The allegations in paragraph 136 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 136.

137.    The allegations in paragraph 137 of the Complaint assert legal conclusions and characterizations to which no response is required.

138.    The allegations in paragraph 138 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 138.

139.    The allegations in paragraph 139 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 139.

140.    The allegations in paragraph 140 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 140.

141.    Defendants incorporate their responses to the previous paragraphs as if fully set forth here.

142.    Defendants admit that Plaintiffs purport in Count V to assert breach of fiduciary duties claims against the EBAC and its members and delegates, and the Investment Committee and its members and delegates, Ameriprise, and the CBC Defendants, but deny that Plaintiffs are entitled to any relief on their claims.  Defendants deny the remaining allegations in paragraph 142, and specifically deny that any of the Defendants have breached any fiduciary duties.

143.    Defendants deny the allegations contained in paragraph 143, except to state that ATC was retained as the trustee and record-keeper for the Plan's predecessor, the American Express Incentive Savings Plan, and remained in that role with respect to the Plan after the assets and liabilities of the American Express Incentive Savings Plan pertaining to employees of the American Express Financial Corporation were transferred to the Plan.

144.    Defendants admit that in 2006 ATC and Wachovia Bank, NA ("Wachovia") engaged in a publicly-announced sale of assets and liabilities related to ATC's recordkeeping business, Ameriprise Retirement Services.  Except as so admitted or stated, Defendants deny the allegations in paragraph 144.

145.    Defendants admit that ATC completed the sale of its defined contribution recordkeeping business and state that the terms of the transaction are reflected in the Asset Purchase Agreement, which speaks for itself.  Except as so admitted or stated, Defendants deny the allegations in paragraph 145.

146.    Defendants state that the terms of the transaction are reflected in the Asset Purchase Agreement, which speaks for itself.  Except as so stated, Defendants deny the allegations in paragraph 146.

147.    The allegations in paragraph 147 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required,

Defendants deny the allegations contained in paragraph 147.

148.    Defendants deny the allegations in paragraph 148, except to state that, after a review by an independent fiduciary, Wachovia was retained as a recordkeeper for the Plan following the sale.

149.    The Defendants admit that none of the sales price of the recordkeeping business was paid to the Plan.

150.    The allegations in paragraph 150 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 150, and specifically deny that any of the Defendants have breached any fiduciary duties.

151.    The allegations in paragraph 151 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 151, and specifically deny that any of the Defendants have breached any fiduciary duties.

152.    Defendants incorporate their responses to the previous paragraphs as if fully set forth here.

153.    Defendants admit that Plaintiffs purport in Count IV to assert a co-fiduciary duty claim against Ameriprise, but deny that Plaintiffs are entitled to any relief on their claims. Defendants deny the remaining allegations in paragraph 153, and specifically deny that any of the Defendants have breached any fiduciary duties.

154.    The allegations in paragraph 154 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 154.

155.     The allegations in paragraph 155 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 155.

156.     The allegations in paragraph 156 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 156, and specifically deny that any of the Defendants have breached any fiduciary duties.

157.     The allegations in paragraph 157 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 157.

158.     Defendants incorporate their responses to the previous paragraphs as if fully set forth here.

159.     Defendants admit that Plaintiffs purport in Count VII to assert breach of fiduciary duty claims against all Defendants, but deny that Plaintiffs are entitled to any relief on their claims.  Defendants deny the remaining allegations in paragraph 159, and specifically deny that any of the Defendants have breached any fiduciary duties.

160.     Defendants deny the allegations in paragraph 160.

161.     Defendants admit that in 2006 ATC and Wachovia Bank, NA ("Wachovia") engaged in a sale of assets and liabilities related to ATC's recordkeeping business.  As part of the sale, ATC's plan sponsor clients had to decide whether to affirmatively consent to Wachovia becoming the successor trustee and recordkeeper.  Following a review by an independent fiduciary, Wachovia was retained as a trustee and recordkeeper for the Plan, effective April 1, 2007.  Except as so admitted or stated, Defendants deny the allegations in paragraph 161.

162.     Defendants admit that ATC, and later Wachovia, received payments in connection with their provision of administrative services, including recordkeeping.  Defendants deny the remaining allegations in paragraph 162.

163.     Defendants state that the trust agreement between Ameriprise and ATC, which was assumed by Wachovia, provides that the trustee, as part of its compensation for services provided to the Plan, is authorized to receive float income on uninvested cash.  Except as so stated, Defendants deny the allegations in paragraph 163.

164.     The allegations in paragraph 164 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 164, and specifically deny that any of the Defendants have breached any fiduciary duties.

165.     The allegations in paragraph 165 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 165, and specifically deny that any of the Defendants have breached any fiduciary duties.

166.     The allegations in paragraph 166 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 166, and specifically deny that any of the Defendants have breached any fiduciary duties.

167.     The allegations in paragraph 167 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 167, and specifically deny that any of the Defendants have breached any fiduciary duties.

168.     Defendants incorporate their responses to the previous paragraphs as if fully set forth here.

169.     In light of the Court's Memorandum Opinion and Order of November 20, 2012, in which the Court dismissed Count Eight, no answer is required of the Defendants with respect to the allegations in Paragraph 169 of the Complaint.

170.     In light of the Court's Memorandum Opinion and Order of November 20, 2012, in which the Court dismissed Count Eight, no answer is required of the Defendants with respect to the allegations in Paragraph 170 of the Complaint.

171.     In light of the Court's Memorandum Opinion and Order of November 20, 2012, in which the Court dismissed Count Eight, no answer is required of the Defendants with respect to the allegations in Paragraph 171 of the Complaint.

172.     In light of the Court's Memorandum Opinion and Order of November 20, 2012, in which the Court dismissed Count Eight, no answer is required of the Defendants with respect to the allegations in Paragraph 172 of the Complaint.

173.     In light of the Court's Memorandum Opinion and Order of November 20, 2012, in which the Court dismissed Count Eight, no answer is required of the Defendants with respect to the allegations in Paragraph 173 of the Complaint.

174.     In light of the Court's Memorandum Opinion and Order of November 20, 2012, in which the Court dismissed Count Eight, no answer is required of the Defendants with respect to the allegations in Paragraph 174 of the Complaint.

175.     In light of the Court's Memorandum Opinion and Order of November 20, 2012, in which the Court dismissed Count Eight, no answer is required of the Defendants with respect to the allegations in Paragraph 175 of the Complaint.

176.    The allegations in paragraph 176 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177, and specifically deny that Defendants breached any fiduciary duties.

178.    The allegations in paragraph 178 of the Complaint assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 178, except state that the Plan's 11-Ks and Form 5500s speak for themselves.

179.    The allegations in paragraph 179 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants state that the referenced statutory provisions speak for themselves.

180.    The allegations in paragraph 180 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 180.

181.    The allegations in paragraph 181 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 181.

182.    The allegations in paragraph 182 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 182, and specifically deny that any of the Defendants have breached any fiduciary duties.

183.    Defendants deny that Plaintiffs are entitled to a jury trial.

184.     The allegations in paragraph 184 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 184, and specifically deny that any of the Defendants have breached any fiduciary duties.

185.     The allegations in paragraph 185 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 185.

186.     The allegations in paragraph 186 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 186.

187.     The allegations in paragraph 187 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 187.

188.     The allegations in paragraph 188 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 188.

189.     The allegations in paragraph 189 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 189.

190.     The allegations in paragraph 190 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 190.

191.     The allegations in paragraph 191 of the Complaint assert legal conclusions to

which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 191.

192.    The allegations in paragraph 192 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 192.

193.    The allegations in paragraph 193 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 193.

194.    The allegations in paragraph 194 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 194.

195.    The allegations in paragraph 195 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 195.

196.    The allegations in paragraph 196 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 196.

197.    The allegations in paragraph 197 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 197.

198.    The allegations in paragraph 198 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 198 and specifically deny that plaintiffs are entitled to the

relief requested in paragraph 198.

199.    The allegations in paragraph 199 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 199.

200.    The allegations in paragraph 200 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 200.

201.    The allegations in paragraph 201 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that plaintiffs are entitled to the relief requested in paragraph 201.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.  Plaintiffs have failed to state a claim upon which relief may be granted.

2.  Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation and/or repose.

3.  Plaintiffs lack standing under ERISA to assert their claims.

4.  Plaintiffs' claims for liability are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), including that Plaintiffs exercised independent control over their investment elections in the Plan.

5.  Plaintiffs' claims for liability for prohibited transactions are barred in whole or in part by ERISA § 408, and the exemptions, including PTE 77-3, granted by the Secretary of Labor pursuant to the authority granted under ERISA § 408(a).

6.  Plaintiffs are not entitled to a jury trial on any counts or issues alleged in the Complaint, such that the jury demand should be voluntarily dismissed or struck by

the Court.

7. Plaintiffs' claims are barred, in whole or in part, because any loss that Plaintiffs allege was not caused by the fault or wrongdoing of the Defendants or persons and entities over which Defendants had responsibility or control.

8. Plaintiffs' claims are barred to the extent they have failed to mitigate any losses.

9. Any loss that Plaintiffs allege was due to the acts or omission of persons or entities over whom Defendants had no responsibility or control, including Plaintiffs, who exercised discretionary authority with respect to their individual accounts under the Plan and/or their management or disposition of the Plan's assets.

10. Plaintiffs' claims are barred in whole or in part to the extent they claim losses, damages, or other relief on account of acts or omissions by any Defendants that arise out of settler or sponsor duties with respect to the Plan.

11. Plaintiffs' claims are barred in whole or in part to the extent they have released such claims or covenanted not to sue.

12. Plaintiffs have failed to plead fraudulent concealment with the requisite specificity.

13. This action may not be maintained as a class action.

14. Plaintiffs' claims to a class action should be denied because any alleged injury cannot be proven on a class-wide basis with common methods of proof.

15. Damages cannot be proven on a class-wide basis.

16. Plaintiffs do not adequately represent the interests of proposed class members.

17. Plaintiffs' claims and those of the putative class are barred because they have not sustained any cognizable injury attributable to Defendants' alleged conduct.

18. Defendants reserve the rights to assert and pursue additional defenses that may

become known through discovery or otherwise.

WHEREFORE, Defendants pray that this Court enter an Order:

(1)     dismissing all counts of the complaint with prejudice ,declaring that Plaintiffs take

nothing by their complaint and entering judgment against Plaintiffs and for

Defendants;

(2)     awarding Defendants their reasonable attorneys' fees and costs;

(3)     providing such further relief as is just and equitable.

Dated: December 11, 2012          Respectfully submitted:

O'MELVENY & MYERS LLP

By:   s/ Benjamin G. Bradshaw
          Benjamin G. Bradshaw (admitted *pro hac
          vice*)
          bbradshaw@omm.com
          Shannon Barrett (admitted *pro hac vice*)
          sbarrett@omm.com
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

          and

DORSEY & WHITNEY LLP
          Stephen P. Lucke (#154210)
          lucke.steve@dorsey.com
          Kirsten E. Schubert (#0388396)
          schubert.kirsten@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Defendants*
*Ameriprise Financial, Inc. et al.*