IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

ROGER KRUEGER, et al.,

        *Plaintiffs*,

v.                                          No. 11-CV-02781 (SRN/JSM)

AMERIPRISE FINANCIAL, INC., et al.,

        *Defendants*.

**ORDER GRANTING JOINT STIPULATION**

The parties submitted a Joint Stipulation to the Court on October 1, 2013 (Doc. No. 214). Based upon that stipulation, it is ORDERED that:

1. Defendants Compensation and Benefits Committee of the Board of Directors of Ameriprise Financial, Inc. ("CBC"), the Ameriprise Financial, Inc. Employee Benefits Administration Committee ("EBAC"), and the Ameriprise Financial, Inc. 401(k) Investment Committee ("KIC"), collectively referred to herein as the "Committees," are subject to suit as entities under 29 U.S.C. §1132 and §1109 and Fed.R.Civ.P. 17.  Specifically, the CBC, EBAC, and KIC shall be subject to suit under 29 U.S.C. § 1132 and § 1109 and Fed. R. Civ. P. 17 to the same extent as their individual members.  In stipulating that the Committees are subject to suit, Defendants do not concede that the Committees were fiduciaries, had any fiduciary responsibility, or undertook any fiduciary actions.

2. Defendant Ameriprise Financial, Inc. shall assume liability if any ERISA violation is found by the Court to have been committed by any of the Committees,

their individual members or delegates, should the Court find the Committees delegated any fiduciary duties or responsibilities to any such Delegate, against the Ameriprise 401(k) Plan.  For purposes of this stipulation only, "Delegates" refers to those individuals and/or entities that were assigned or delegated authority by any Defendant and shall be limited to current or former employees of Ameriprise Financial, Inc., its subsidiaries, affiliates, or business units.  "Delegates" shall not include any third party unrelated to Ameriprise Financial, Inc., its subsidiaries, affiliates, or business units.  In stipulating that it shall assume liability if any ERISA violation is found by the Court to have been committed by any "Delegate," Ameriprise Financial, Inc. does not concede that any Delegate exists or was delegated any fiduciary duties or undertook any fiduciary actions.

   3.  With the above acknowledgment and stipulation as set forth above, Plaintiffs shall dismiss without prejudice the individually named Committee members including Ira D. Hall, Warren D. Knowlton, W. Walker Lewis, Siri S. Marshall, Jeffrey Noddle, Richard F. Powers III, Robert F. Sharpe, Jr., Jeffrey P. Fox, Phil Wentzel, Jeffrey A. Williams, Kristi L. Petersen, and Timothy V. Bechtold and will not add any other individual members of the Committees to the Second Amended Complaint based solely on their membership on the Committees.

   4.  Defendants agree that Ira D. Hall, Warren D. Knowlton, W. Walker Lewis, Siri S. Marshall, Jeffrey Noddle, Richard F. Powers III, Robert F. Sharpe, Jr., Jeffrey P. Fox, Phil Wentzel, Jeffrey A. Williams, Kristi L. Petersen, and Timothy

V. Bechtold will be voluntarily made available for deposition in this case if requested by Plaintiffs.

5. For those Committee members or delegates employed with or serving as directors for Ameriprise Financial, Inc. at the time of any requested deposition who were not specifically named in the First Amended Complaint and who will not be added to the Second Amended Complaint by reason of this stipulation, Defendants will voluntarily make those individuals available for deposition in this case if requested by Plaintiffs.

6. For those Committee members or delegates not employed with or serving as directors for Ameriprise Financial, Inc. at the time of any requested deposition who were not specifically named in the First Amended Complaint and who will not be added to the Second Amended Complaint by reason of this stipulation, Defendants will use their best efforts to voluntarily make those individuals available for deposition in this case if requested by Plaintiffs.

Dated:	October 4, 2013	*s/ Janie S. Mayeron*
	JANIE S. MAYERON
	United States Magistrate Judge