**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Roger Krueger, Jeffrey Olson, Deborah Tuckner, Susan Wones, and Margene Bauhs, individually and as representatives of a class of similarly situated persons, and on behalf of the Ameriprise Financial 401(k) Plan,<br><br>          Plaintiffs,<br><br>v.<br><br>Ameriprise Financial, Inc., Ameriprise Financial, Inc. Employee Benefits Administration Committee, Michelle Rudlong, Ameriprise Financial, Inc. 401(k) Investment Committee, Compensation and Benefits Committee of the Board of Directors of Ameriprise Financial, Inc., Martin S. Solhaug, and Brent Sabin,<br><br>          Defendants. | Case No. 11-cv-02781 (SRN/JSM)<br><br><br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Jerome J. Schlichter and Michael A. Wolff, Schlichter Bogard & Denton, 100 South Fourth Street, Suite 900, St. Louis, MO 63102; and Thomas W. Pahl and Thomas A. Harder, Foley & Mansfield, PLLP, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401, for Plaintiffs.

Stephen P. Lucke and Kirsten E. Schubert, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498; and Benjamin G. Bradshaw and Shannon M. Barrett, O'Melveny & Myers LLP, 1625 Eye Street N.W., Washington, DC 20006, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

This matter is before the Court on Plaintiffs' Objections [Doc. No. 516] to U.S. Magistrate Judge Janie S. Mayeron's October 14, 2014 Order [Doc. No. 506] ("October 14 Order") granting in part and denying in part Plaintiffs' Motion to Redesignate and Unseal Documents [Doc. No. 351]. After reviewing the Magistrate Judge's Order for clear error, the Court affirms the Order for the reasons set forth below.

## II.  BACKGROUND

### A.  The Parties and the Claims[1]

Defendant Ameriprise Financial, Inc. ("Ameriprise") makes available to eligible employees and retirees of Ameriprise and its subsidiaries and affiliates the Ameriprise Financial 401(k) retirement benefit plan (the "Plan"). (See Declaration of Brent Sabin dated July 2, 2013 [Doc. No. 152], Ex. D at 1–2, 36.) The Plan is a defined contribution plan in which participants may direct their Plan balances among different investment options. (See id. at 1, 10–20.) Two named fiduciary committees have primary responsibility for administering the Plan. Ameriprise's Employee Benefits Administration Committee is the Plan administrator and is responsible for determining benefits eligibility and construing Plan documents, and the Ameriprise Financial, Inc. 401(k) Plan Investment Committee selects and monitors the investment options in the Plan lineup and directs how investment options

---

[1] The factual background of this case is discussed in more detail in this Court's Memorandum Opinion and Order on Defendants' Motion for Summary Judgment on Statute of Limitations Grounds [Doc. No. 323]. The Court recites background facts here only to the extent necessary to rule on Plaintiffs' objections.

for the Plan are invested.  (See id., Ex. A §§ 2.4, 6.3, 10.3, 10.4.)  Ameriprise's Compensation and Benefits Committee of the Board of Directors has the authority to appoint and to remove the EBAC's members.  (Id. § 10.1.)

The Plan's assets are held by trustees selected by the Investment Committee.  (Id., Ex. A §§ 12.1, 12.2.)  Ameriprise Trust Company ("ATC") was the original trustee and record-keeper of the Plan.  (Id. ¶ 34 & Ex. B §§ 1.2(m), 6.2.)  Ameriprise sold ATC's record-keeping business to Wachovia Bank, N.A. ("Wachovia") in June 2006, and Wachovia became the Plan's trustee and record-keeper in April 2007.[2]  (Id. ¶ 34.)

Plaintiffs are current and former participants in the Plan.  They allege that Defendants breached their fiduciary duties to the Plan and are liable for the resulting losses under the Employee Retirement Income Security Act ("ERISA").  (See Second Am. Compl. [Doc. No. 228].)  In March 2014, the Court granted, in part, Defendants' Motion for Summary Judgment on Statute of Limitations Grounds, dismissing as time-barred the prohibited transaction claims alleged in Counts III, IV, V, and VII of the Second Amended Complaint, as well as the breach of fiduciary duty claim alleged in Count V.[3]  (See Mem. Op. and Order dated Mar. 20, 2014 [Doc. No. 323] at 14, 40.)

---

[2]  As the result of a merger, Wachovia Retirement Services was re-branded as Wells Fargo Institutional Retirement and Trust in March 2010.  (Declaration of Brent Sabin dated Apr. 10, 2012 [Doc. No. 60], Ex. 5 at 50.)

[3]  Defendants did not seek summary judgment on Plaintiffs' claims to the extent that they were based on the Plan's inclusion of the Columbia Contrarian Core Fund.  (Mem. Op. and Order dated Mar. 20, 2014 [Doc. No. 323] at 9 n.4.)  Thus, the remaining claims include Plaintiffs' prohibited transaction claims based on the Columbia Contrarian Core Fund, and the breach of fiduciary duty claims alleged in Counts I, II, VI, and VII.  (See id. at 9 n.4, 14.)

And, in May 2014, the Court granted Plaintiffs' Motion to Certify Class Action. (Mem. Op. and Order dated May 23, 2014 [Doc. No. 384] at 40–41.)

### B.     Amended Protective Order

The Court entered an Amended Protective Order in this case on March 19, 2013. It provides for three levels of confidentiality for discovery materials: "Confidential," "Confidential – Parties' Eyes Only," and "Confidential – Attorneys' Eyes Only." (Am. Protective Order dated Mar. 15, 2013 [Doc. No. 114] ¶¶ 2–4.) Pursuant to the Amended Protective Order, materials may be marked "Confidential" if the producing "party or person reasonably believes [the materials] to be confidential or proprietary business, commercial or financial information, a trade secret, or confidential research and development, credit, compliance, personnel or administrative information." (Id. ¶ 2.) Materials may be marked "Confidential – Parties' Eyes Only" if "the producing party reasonably believes [the material] contains information that reflects trade secrets, 'know-how,' customer information, financial and marketing information, strategy, planning and other highly sensitive commercial information that the producing party reasonably believes in good faith would cause the party to suffer business or competitive harm if publicly known, or known by third parties." (Id. ¶ 3.) Finally, materials may be marked "Confidential – Attorneys' Eyes Only" if "the producing party reasonably believes [the material] meets the requirements [for a 'Confidential' or 'Confidential – Parties' Eyes Only' designation], but should not be disclosed to a party." (Id. ¶ 4.)

That being said, a designation made pursuant to the Amended Protective Order "cannot be used as the sole basis for filing the document under seal in connection with a nondispositive, dispositive or trial-related motion." (Id. ¶ 15.) Rather:

> . . . Only those documents and portions of a party's submission (including those portions of affidavits, exhibits and memorandum of law) which otherwise meet the requirements of protection from public filing (e.g. a statute, rule or regulation prohibits their disclosure; they are protected under the attorney-client privilege or work product doctrine; or they meet the standards for protection articulated in F.R.C.P. Rule 26(c)(1)(G)) shall be filed under seal. . . .

(Id.) If a party submitting a document marked confidential by another party believes that the document should not be filed under seal, then it must request the designating party to permit the document to be filed publicly. (Id.) If the designating party objects, that party bears the burden of proving that the document should remain under seal. (Id.) Likewise, a party seeking to change a designation may make a request of the designating party; if the request is denied, the requesting party may move the Court for relief, and the objecting party bears the burden of proving that the information is within the scope of Rule 26(c) and the Amended Protective Order. (Id. ¶ 16.)

### C.     Plaintiffs' Motion to Redesignate and Unseal Documents

On April 29, 2014, Plaintiffs filed their Motion to Redesignate and Unseal Documents. In their Motion, Plaintiffs requested that the Court order the confidentiality designation removed from eighty-nine documents, as well as the unsealing of those documents to the extent that they have been filed with the Court. (Pls.' Mot. to Redesignate and Unseal Docs. [Doc. No. 351] at 1; see Struckhoff Decl. ¶ 3 & Ex. 1.) Those documents fall into five categories: (1) fiduciary committee agendas, minutes,

actions, and correspondence; (2) materials considered by the committees in discharging their duties; (3) recordkeeping contracts and analyses; (4) documents pertaining to the sale of Ameriprise's recordkeeping business; and (5) documents that lack commercial value because they are public, generic, or stale. (Pls.' Mem. in Supp. of Pls.' Mot. to Redesignate and Unseal Docs. [Doc. No. 353] at 8–12.) Likewise, Plaintiffs asserted that the briefs and orders that have been sealed based on the claimed confidentiality of these underlying documents also should be unsealed. (Id. at 12.)

Plaintiffs argued that these documents must be unsealed because the public has a right to view court records, which can only be overcome for "compelling reasons." (Id. at 3.) According to Plaintiffs, Defendants have no legitimate interest in maintaining the confidentiality of the documents at issue because the information is central to the claims in this lawsuit and, as fiduciaries, Defendants have a duty to disclose to Plan participants and beneficiaries all material facts affecting their interests. (See id. at 4–12.) In addition, Plaintiffs claimed, the documents do not contain trade secrets or other information that would cause Defendants harm if made public. (See id.; Reply in Supp. of Pls.' Mot. to Redesignate and Unseal Docs. [Doc. No. 374] at 3–7.)

In opposition, Defendants argued that a party need only show "good cause" under Rule 26 to protect the confidentiality of documents that are filed in conjunction with non-dispositive motions or that are irrelevant to a court's decision, and that the majority of the documents challenged by Plaintiffs fall into those categories. (See Defs.' Mem. in Opp. to Pls.' Mot. to Redesignate and Unseal Docs. [Doc. No. 367] at 4–7.) According to Defendants, good cause exists to keep these documents under seal because disclosure of

the information contained therein could cause competitive harm to Ameriprise, Ameriprise's independent consultants and service providers, and the Plan.  (See id. at 8–16.)  However, Defendants argued, even if the presumption of public access applies, the documents should remain sealed because the competitive harms constitute "compelling reasons."  (Id. at 17.)  In support of their opposition, Defendants submitted the declarations of Brent Sabin, Vice President of Benefits at Ameriprise [Doc. No. 368]; Richard Fogel, General Counsel of Technology Partners International Inc. ("TPI") [Doc. No. 369]; and William Miskell, an owner of DeMarche Associates, Inc. ("DeMarche") [Doc. No. 370].

Wells Fargo also filed a memorandum in opposition to Plaintiffs' Motion.  (Wells Fargo's Mem. of Law in Opp. to Pls.' Request to Redesignate and Unseal Docs. [Doc. No. 377].)  Wells Fargo, a non-party, produced thousands of pages of documents in response to a subpoena and sought to protect the confidentiality designation of one document, in particular.  (See id. at 1–2.)  Wells Fargo argued that Plaintiffs did not comply with the Amended Protective Order's requirements for seeking redesignation of the document, and that resdesignation would be improper because the document contains confidential commercial information, disclosure of which would cause Wells Fargo substantial competitive harm.  (See id. at 2–8.)  Wells Fargo filed two affidavits in support of its memorandum [Doc. Nos. 378, 379].  By letter filed subsequent to the hearing, per the Court's orders, Wells Fargo also identified various other documents that should remain sealed.  (Order dated Oct. 14, 2014 [Doc. No. 506] ("Oct. 14 Order") at 15–16.)

7

### D.      The Magistrate Judge's October 14 Order

Plaintiffs' Motion was heard on May 27, 2014, and the Magistrate Judge issued her sixty-page Order on October 14, granting in part and denying in part Plaintiffs' Motion. (Oct. 14 Order at 2.) After thoroughly discussing the governing law, (see id. at 16–26), the Magistrate Judge determined that: (1) in order to seek protection of information as confidential, a party must first demonstrate "good cause" under Rule 26(c), (see id. at 16–17); (2) the right to public access to judicial records is not absolute, and courts may weigh the parties' interests in determining whether to unseal a document, (id. at 17); (3) the Eighth Circuit has rejected the "strong" presumption in favor of public access, (id. at 17); and (4) the ordinary presumption of public access attaches only to "documents that are relevant to and integrally involved in the resolution of the merits of a case," (id. at 21), and it may be overcome by a showing of "compelling reasons" for keeping a document under seal, (id. at 18). Thus, the Magistrate Judge utilized the following process to conduct an in camera review of the documents at issue:

> . . . . First, as plaintiffs have challenged the designation of the documents pursuant to Paragraph 16 of the Amended Protective Order, the Court will initially determine whether Ameriprise has met its burden to establish "good cause" under Rule 26(c) to keep the documents confidential. If the Court determines that Ameriprise has not met its initial burden with respect to any of the documents at issue, it will order those documents de-designated and unsealed.
>
> Second, if the Court determines that Ameriprise has established that the documents were properly designated under Rule 26(c), the Court will then consider whether the documents are judicial records – i.e. documents filed and relevant to and integrally involved in the resolution of the merits of a case. If the documents are not judicial records, the Court will order the documents to remain under seal because Ameriprise met its burden under

>Rule 26(c) to establish good cause to maintain the confidentiality of the documents.
>
>On the other hand, if the documents are judicial records such that the presumption of public access attaches, the Court will next apply the <u>Hubbard</u> factors[4] to determine if Ameriprise has provided "compelling" reasons to overcome the presumption.
>
>As for orders and hearing transcripts, which clearly are judicial records, the Court will apply the standards articulated in <u>IDT Corp.</u>, first determining the weight to be given to the presumption of public access, followed by a balancing of that presumption against the reasons articulated by Ameriprise for maintaining the confidentiality of the information reflected in the orders or transcripts.

(<u>Id.</u> at 26.)

Based on this process, the Magistrate Judge determined that some of the documents at issue should remain under seal or redacted, some should be unsealed but may have particular lines or sections redacted, and some should be unsealed and unredacted in their entirety.  (<u>See</u> <u>id.</u> at 27–53.)  She found that documents in the first category satisfied Rule 26 because they contain highly sensitive information, disclosure of which could cause competitive harm; they do not constitute judicial records because, even if they were cited in one of the Court's opinions, they were not important to the

---

[4] Those factors are:

>(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

<u>Shedin v. Ortho-McNeil-Janssen Pharms., Inc.</u>, Civ. No. 08-5743 (JRT), 2011 WL 1831597, at *1–2 (D. Minn. May 12, 2011) (citations omitted).

Court's decision; and, even if the documents do constitute judicial records, the Hubbard factors favor maintaining their confidentiality. (See id.) As for the documents—or portions thereof—that were ordered to be de-designated and unsealed, the Magistrate Judge determined that Defendants' allegations of harm were vague or unsupported, or that the documents do not contain the type of information that qualifies for protection, and, therefore, Defendants failed to establish good cause for their protection. (See id.) The Magistrate Judge also ordered that memoranda filed by the parties, orders filed by the Court, and transcripts, be redacted to the extent that they contain information from the documents at issue that she concluded warrant protection. (See id. at 53–60.) In conclusion, however, she noted the following:

> [I]n the event that any of these documents are submitted as evidence at trial – and therefore, do become judicial records – the District Court may reach a different result as to whether there are compelling reasons to prevent the public from having access to the documents. Therefore, Ameriprise is cautioned that this Court's decisions on the documents it has maintained under seal reflect the purposes for which the documents have been used to date and cannot be read more broadly than that.

(Id. at 60.)

Plaintiffs filed their objections on October 28. (See Pls.' Objs. to Mag. J.'s Order on the Redesignation and Unsealing of Docs. [Doc. No. 516] ("Pls.' Objs.").) Defendants responded to Plaintiffs' objections, but they raised no objections of their own. (See Defs.' Resp. to Pls.' Objs. [Doc. No. 532] ("Defs.' Resp.").) Rather, Defendants contend that this Court should affirm the Magistrate Judge's Order in its entirety. (Id. at 1.)

## III.   DISCUSSION

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court must affirm the order unless it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a)(3).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently.  Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

Here, Plaintiffs object to the Magistrate Judge's Order denying their Motion in part, arguing that the Magistrate Judge's conclusion that any of the documents are entitled to confidentiality is clearly erroneous.  (Pls.' Objs. at 1.)  According to Plaintiffs:

> The fundamental error of the Order is that it does not recognize that the fiduciaries of Plaintiffs' 401(k) Plan, even though Ameriprise Financial Inc. executives, are duty-bound to act "solely in the interest of the participants and beneficiaries" of Plaintiffs' retirement plan.  29 U.S.C. §1104(a)(1).  Any allegedly proprietary or confidential information shared with those fiduciaries belongs to the Plan, not to Ameriprise Financial Inc. or any other company.  The Order does not find that any interest of the Plan would be harmed by the disclosure of fiduciary committee minutes and materials that pertain to the claims in this lawsuit.  In fact, the Order rejected that argument.  Order at 42, 43 n.20.  Instead, it finds that Ameriprise's corporate interests might be harmed by such disclosures (as well as the interests of other companies that interacted with the fiduciaries).  Ameriprise and those companies have no lawful interest in keeping Plan

11

>information secret, and they failed to demonstrate any actual harm they would suffer from that disclosure even if they had a proprietary interest in the information. . . .

(Id. at 1–2.)  Essentially, then, Plaintiffs make two objections:  (1) Ameriprise and the other companies may not properly object to the disclosure of their confidential information; and (2) even if those entities have a lawful interest in seeking to protect that information, they have not demonstrated any actual harm that they would suffer from its disclosure.  (See id.)  These objections lack merit.

### A. The Right to Rule 26(c)'s Protections

Plaintiffs' attempt to narrow the scope of persons entitled to the protections available under Rule 26(c) is misguided.  According to that Rule, "[a] party or any person from whom discovery is sought may move for a protective order," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G) (emphases added).  The Court entered such an order in this case, i.e., the Amended Protective Order, and that Order allows "[a]ny party or producing person" and "[t]hird parties" to designate documents confidential.  (Am. Protective Order ¶¶ 2, 10.)  Likewise, that Order provides for the filing of such documents under seal, even if they were produced and designated confidential by a third party, as long as they meet the standards of Rule 26(c)(1)(G).  (Id. ¶ 15.)

These protections do not change when an ERISA plan is involved in a lawsuit, and Plaintiffs have cited no convincing authority to the contrary. In fact, Plaintiffs acknowledge that the Magistrate Judge addressed their authorities, (see Pls.' Objs. at 5), but Plaintiffs do not attempt to demonstrate that the Magistrate Judge's conclusion regarding those cases—i.e., that they merely show that parties seeking to file documents under seal must establish good cause or compelling reasons to do so—is contrary to law, (Oct. 14 Order at 45). Rather, Plaintiffs simply criticize the case cited by the Magistrate Judge, in which portions of committee minutes were allowed to remain under seal, because the case does not involve an ERISA fiduciary breach action. (Pls.' Objs. at 5 (citing Dugan v. Lloyds TSB Bank, PLC, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *3 (N.D. Cal. Apr. 9, 2013)).) Pointing out that the case, which was offered as an example, is analogous rather than exactly the same, is insufficient to establish clear error. Moreover, as Defendants note, "Plaintiffs do not show how restricting the public's access to a limited pool of discovery documents prevents the fiduciaries from carrying out Plan administration, or implicates the fiduciaries' duties in any way." (Defs.' Resp. at 4.) Because Plaintiffs have failed to demonstrate that the Magistrate Judge's application of Rule 26(c)'s protections to Ameriprise and the other third parties is clearly erroneous, Plaintiffs' objections are overruled in this regard.

### B. Harm from Disclosure

Plaintiffs' contention that Ameriprise and the third parties did not adequately demonstrate the harm that would result from the disclosure of the documents at issue also fails. As the Magistrate Judge correctly noted, "[a] party seeking protection under Rule

13

26(c) must provide specific facts demonstrating that protection of information is necessary, as opposed to 'stereotyped and conclusory statements.'" (Oct. 14 Order at 16 (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)).) As for judicial records, the presumption of public access may be overcome with a showing of "compelling reasons," (id. at 18 (citing Healey v. I-Flow, LLC, 282 F.R.D. 211, 214 (D. Minn. 2012)), as determined after consideration of:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

(Id. at 25–26 (quoting Shedin v. Ortho-McNeil-Janssen Pharms., Inc., Civ. No. 08-5743 (JRT), 2011 WL 1831597, at *1–2 (D. Minn. May 12, 2011)).) "'[T]he court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" (Id. at 18 (quoting IDT Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013)).)

Plaintiffs do not take issue with the Magistrate Judge's recitation of the law. (See Pls.' Objs. at 2–3.) Rather, they argue that her application of that law—in concluding that the Ameriprise, DeMarche, Wells Fargo, Defined Contribution Advisors ("DC Advisors"), and TPI documents are entitled to confidentiality—is clearly erroneous. (See id. at 5–13.) As for Ameriprise, Plaintiffs argue that the information it seeks to keep confidential does not qualify as a trade secret, Mr. Sabin's declaration that disclosure of

14

the information could cause Ameriprise competitive harm is conclusory and not supported by personal knowledge, and the allegations of confidentiality related to Mr. Truscott's emails are unsupported.  (See id. at 5–7.)  Regarding the DeMarche documents, Plaintiffs argue that the declaration supporting confidentiality is generalized, there is no explanation why information that is stale and publicly available should be protected, and DeMarche waived protection by producing the documents without a confidentiality designation.  (See id. at 7–8.)  Finally, in regard to Wells Fargo, DC Advisors, and TPI, Plaintiffs argue that the information sought to be protected is stale and that the supporting declarations are conclusory and do not support protection of the third parties' information.  (See id. at 9–13.)

      The Magistrate Judge's conclusions are not clearly erroneous.  First, as discussed above, Rule 26(c) applies not only to "trade secret[s]," but also to "other confidential research, development, or commercial information."  And, rather than making conclusory statements about the Ameriprise information at issue, Mr. Sabin gave specific, concrete examples of the harm that could arise if such information is disclosed.  (See Declaration of Brent Sabin dated May 9, 2014 [Doc. No. 368] ("May 2014 Sabin Decl.") ¶¶ 6–8, 10–11, 19.)  Moreover, the assertion that a vice president of the company, who has oversight responsibility for all benefits programs, somehow lacks the personal knowledge to attest to the impact of the disclosure of this information on the company's business and the fiduciary process at issue in this litigation is not credible.  Finally, the fact that Mr. Sabin's declaration did not specifically mention Mr. Truscott's emails is irrelevant because it undoubtedly encompasses them by referring to "committee meeting materials,"

(id. at 2), as well as to Ameriprise's interest in protecting "the fiduciaries' and their consultants' confidential assessments and analysis about Ameriprise products," (id. ¶ 7). Accordingly, because Ameriprise provided specific facts—rather than conclusory statements—demonstrating that protection of the information at issue is necessary, and because the Magistrate Judge's account of this evidence is plausible, this Court will not reverse the Magistrate Judge's decision.

Second, and similarly, Mr. Miskell's declaration attesting to the confidential nature of DeMarche's documents and information is not conclusory. Rather, he provides specific examples of the harm that could arise if the documents at issue are revealed to DeMarche's competitors, the asset managers with whom DeMarche has relationships, and DeMarche's future clients. (See Declaration of William Miskell dated May 9, 2014 [Doc. No. 370] ¶¶ 5–8.) And, contrary to Plaintiffs' assertions, (see Pls.' Objs. at 8), the October 14 Order does explain why documents that are several years old or contain some publicly-available information are still entitled to protection:

> Although it is true that some of the documents reflect some publicly available information and others date back several years, it was DeMarche's analysis of the information that makes the documents appropriately designated as confidential. Moreover, despite the age of some of the documents, the Court agrees that revelation of the contents of these documents could jeopardize De[M]arche's relationships with asset managers and future clients, and could provide information to competitors that these competitors could not obtain in the ordinary course of business.

(Oct. 14 Order at 33.) Finally, it appears that counsel for DeMarche sent a letter to Plaintiffs' counsel in August 2013, notifying Plaintiffs pursuant to Paragraph 14 of the Amended Protective Order that DeMarche's document production should have been

designated "Confidential – Parties' Eyes Only."  (See Defs.' Resp. at 12 n.6; Bradshaw Decl. [Doc. No. 533] ¶ 2 & Ex. A.)  Therefore, DeMarche did not waive confidentiality.  Accordingly, because DeMarche provided specific facts—rather than conclusory statements—demonstrating that protection of the information at issue is necessary, and because the Magistrate Judge's account of this evidence is plausible, this Court will not reverse the Magistrate Judge's decision.

Third, the Magistrate Judge's finding that the evidence supports the protection of certain information contained in the Wells Fargo, DC Advisors, and TPI documents is not clearly erroneous.  As for Wells Fargo and DC Advisors, the Magistrate Judge relied on the declaration of Mr. Sabin, (see Oct. 14 Order at 29–30, 37), which provided specific examples of the harm that would befall Ameriprise in the present should the information at issue be disclosed to the public—e.g., a windfall to competitors in the form of a free analysis, and loss of negotiating leverage, (see May 2014 Sabin Decl. ¶¶ 10–11, 19).  In his declaration, Mr. Sabin also commented on the similar harms that would result if the TPI documents were made public.  (See id. ¶¶ 10–11.)  And, Richard Fogel of TPI expressed his support of maintaining the confidentiality of that information in terms of adhering to TPI's previous pledge to keep that information confidential.  (Declaration of Richard Fogel dated May 8, 2014 [Doc. No. 369] ¶¶ 7–8.)  Thus, contrary to Plaintiffs' assertions, the October 14 Order is based on specific facts—rather than conclusory statements—that plausibly demonstrate that disclosure of the information at issue could cause Ameriprise harm today.  Accordingly, this Court finds that the Magistrate Judge's decision is not clearly erroneous, and Plaintiffs' objections are overruled.

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections [Doc. No. 516] to the Magistrate Judge's October 14, 2014 Order are **OVERRULED**;

2. The Magistrate Judge's October 14, 2014 Order [Doc. No. 506] is **AFFIRMED**; and

3. Plaintiffs' Motion to Redesignate and Unseal Documents [Doc. No. 351] is **GRANTED IN PART AND DENIED IN PART** as set forth in the Magistrate Judge's October 14, 2014 Order.

Dated:  January 15, 2015                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge