UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROGER KRUEGER, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>AMERIPRISE FINANCIAL, INC., et al.,<br><br>    *Defendants*. | No. 11-CV-02781 (SRN/JSM) |

ORDER

SUSAN RICHARD NELSON, U.S. District Court Judge:

This litigation involves claims for alleged breaches of fiduciary duties and prohibited transactions in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, with respect to the Ameriprise Financial, Inc. 401(k) Plan (the "Plan") sponsored by Defendant Ameriprise Financial, Inc.. Plaintiffs allege that Defendants violated their duties under ERISA by, *inter alia*, allowing unreasonable fees and imprudently and disloyally including certain proprietary investment options in the Plan. Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the class, and that the class or the Plan have suffered any harm or damage for which Defendants could be held responsible.

The parties seek preliminary approval of a settlement of these claims against all Defendants (the "Settlement"). The terms of the settlement are set out in a Class Action Settlement Agreement dated March 26, 2015 (the "Settlement Agreement"), executed by the parties and their counsel.

The Court has considered the proposed settlement and whether to authorize notice to members of the class. Having reviewed the Settlement Agreement and the motion papers, it is **ORDERED** as follows.

1. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

    A. The proposed settlement resulted from extensive arms-length negotiations;

    B. The Settlement Agreement was executed only after three and a half years of vigorous litigation, extensive discovery, pre-settlement motion practice, the use of multiple experts, trial preparation, and in-person mediation sessions both with a private mediator and with Magistrate Judge Mayeron;

    C. Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

    D. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing**: A hearing is scheduled to take place in Courtroom 7B of the Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota, Judge Susan Richard Nelson presiding, at 9:30 am on July 13, 2015, (the "Fairness Hearing") to determine, among other issues:

    A. Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

    B. Whether the notice and notice methodology was performed as

directed by this Court;

        C.      Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

        D.      Whether the motion for compensation to Class Representatives should be approved; and

        E.      Whether the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Settlement Fund.

        3.      **Modification of the Class Definition:** Plaintiffs' Motion to Modify Class Definition [Doc. No. 599] is granted. The Court modifies the existing class definition and certifies the following class under Fed.R.Civ.P. 23(b)(1):

> All current and former participants and beneficiaries of the Ameriprise 401(k) Plan ("the Plan") who carried a positive balance in the Plan between October 1, 2005, and February 28, 2015, except for (1) those participants who carried a balance only in or among the Stable Value Fund, Company Stock Funds, the Wellington Trust Funds, the Alliance Bernstein International Style Blend Fund and the Waddell & Reed International Core Equity Fund and (2) who did not have a positive balance in the Plan after January 1, 2013. Excluded from the Class are Defendants and present and former members of the KIC and EBAC.

4. **Re-Appointment of Class Representatives and Class Counsel:** The Court appoints the Class Representatives to represent the modified Class, and Schlichter, Bogard & Denton LLP as Class Counsel pursuant to Fed. R. Civ. P. 23(e) and (g).

5. **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *Krueger v. Ameriprise Financial* Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $27,500,000.00 and any interest earned thereon. The Settlement Fund shall be administered as follows:

    A.    The Settlement Fund is established exclusively for the purposes of: (a) making distributions to eligible claimants pursuant to the claims process described in the Settlement Agreement; (b) making distributions to Class Representatives and Class Members as specified in the Settlement Agreement; (c) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (d) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court in this action; and (e) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

B. Within the time period set forth in the Settlement Agreement, Defendants shall cause $27,500,000 to be deposited into the Settlement Fund.

C. The Settlement Fund shall be a single qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 *et seq*. Defendants shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2) (a § 1.468B-3 Statement"), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants make a transfer to the Settlement Fund.

D. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Settlement Amount to be paid no later than the date specified above; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

E. The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order.

F. The Settlement Amount caused to be paid by Defendants into the Settlement Fund pursuant to the Settlement Agreement, and all income generated by that

5

Amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions in this Case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this Case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity that funded the Settlement Fund as set forth in the Settlement Agreement. It is further provided that, if the Settlement Agreement is terminated after Defendants have deposited the funds in the Settlement Fund, the Settlement Fund shall be disposed of as set forth in the Settlement Agreement.

   G.  The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

   H.  The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate

until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

      I.      The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

      J.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, pursuant to the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

      K.      The Settlement Administrator, in its discretion, may request

expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

    L.  The Settlement Administrator and Defendants shall provide to and exchange with each other such information as shall be reasonably necessary to file notices, reports and returns and to make timely determinations of withholding obligations.

    M.  The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

    N.  The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of

any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

O. The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

P. This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement

Administrator(s), if any, shall not under any circumstances require any Defendant to make any further payment of any nature into the Settlement Fund or otherwise.

6. **Class Notice**: The Settling Parties have presented to the Court a proposed form of Class Notice, which are appended hereto as Exhibits 1 and Exhibit 2.

    A. The Court finds that the proposed forms and the website referenced in the Class Notice fairly and adequately:

        i. Describe the terms and effect of the Settlement Agreement and of the Settlement;

        ii. Notify the Class concerning the proposed Plan of Allocation;

        iii. Notify the Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees and Costs;

        iv. Notify the Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

        v. Notify the Class that amendments to the Settlement Agreement, or changes to filed documents concerning the settlement, including this Order, or the time and location of the Fairness Hearing, will be posted on the Settlement Website without additional mailed notice;

        vi. Give notice to the Class of the time and place of the Fairness Hearing; and

        vii. Describe how the recipients of the Class Notice may object to any of the relief requested.

    B. The Settling Parties have proposed the following manner of

communicating the notice to members of the Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall by no later than sixty (60) days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through commercially reasonable means. Defendants shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses and social security numbers of members of the Class. The names, addresses, and Social Security numbers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

   C. For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number to attempt to determine the current address of the Person and shall mail notice to that address.

   D. At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

   E. The Court directs Class Counsel, no later than 60 days before the Fairness Hearing, to cause the Class Notice to be published on the website identified in the Class Notice.

   7. **Objections to Settlement**:  Any member of the Settlement Class who

wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must file an Objection in the manner set out in this Order.

  A. A member of the Settlement Class wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

    Clerk of the Court
    United States District Court
    316 North Robert Street
    100 Federal Building
    St. Paul, MN 55101

    SCHLICHTER, BOGARD & DENTON, LLP
    Attn: Ameriprise ERISA Settlement
    100 S. 4th Street
    St. Louis, MO 63102

    O'MELVENY & MYERS LLP
    Attn: Brian D. Boyle
    1625 Eye Street N.W.
    Washington, DC 20006

B.     For the objection to be considered by the Court, the objector or his, her, or its counsel (if any) must serve of copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

C.     If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

D.     Failure to serve timely objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E.     The parties may, but are not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection and any responses to discovery or depositions must be completed within ten (10) days of the request being served on the objector.

F.     Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than ten (10) days before the Fairness Hearing.

8.     **Appearance at Fairness Hearing**: Any objector who files and serves a

timely, written objection in accordance with the terms of this Order as set out in Paragraph 8 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

9. **Claim Form Deadline**: All valid claim forms must be received by the settlement administrator by the 60th day following the date on which the Settlement Administrator deposits the Class Notice in first-class mail for distribution to the Settlement Class.

10. **Service of Papers**: Defendants' counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

11. **Termination of Settlement**: This Order shall become null and void, and shall be
without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

12. **Use of Order**: This Order shall not be construed or used as an admission,

concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

13. **Continuance of Hearing**: The Court will not continue the Fairness Hearing without a showing of good cause. If the Court does find good cause to continue the Fairness Hearing, the Class shall be notified of the continuance by publication of the Court's order on the Settlement website.

SO ORDERED:

Dated:  April 6, 2015                                        s/Susan Richard Nelson
                                                             HON. SUSAN RICHARD NELSON
                                                             United States District Judge