UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROGER KRUEGER, et al.,

                *Plaintiffs*,

v.                                         No. 11-CV-02781 (SRN/JSM)

AMERIPRISE FINANCIAL, INC., et al.,

                *Defendants*.

**ORDER REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

SUSAN RICHARD NELSON, United States District Judge

**I.    INTRODUCTION**

      This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses and Incentive Awards for Named Plaintiffs [Doc. No. 606]. In this Motion, the law firm of Schlichter, Bogard & Denton ("Class Counsel") requests a court-approved fee for its role in obtaining a settlement of class claims under the Employee Retirement Income Security Act ("ERISA") in the above-captioned action. The settlement provides a $27.5 million monetary recovery for the benefit of as many as 46,098 current and former participants in the 401(k) plan offered to employees of Ameriprise Financial (the "Plan"), as well as important affirmative relief designed to reduce fees and improve investment offerings in the Plan. Class Counsel has asked this Court to approve a fee award of one-third of the monetary settlement obtained, or $9,166,666, and to award it $782,209.69 for outstanding expenses. Additionally, Class

1

Counsel has requested that this Court approve $25,000 incentive awards for each of the five Named Plaintiffs. For the reasons set forth below, the Court finds that the requested awards are reasonable and merited and, accordingly, grants Plaintiffs' Motion.

## II.  FINDINGS AND CONCLUSIONS

### A.  Class Counsel's Request for Attorneys' Fees

Under the "common-fund" doctrine, class counsel is entitled to a reasonable fee drawn from the commonly-held fund created by a settlement for the benefit of a class. See, e.g., Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). This Court considers seven factors in determining whether the requested percentage of the common fund is reasonable: "(1) the benefit conferred on the class, (2) the risk to which plaintiffs' counsel was exposed, (3) the difficulty and novelty of the legal and factual issues of the case, (4) the skill of the lawyers, both plaintiffs' and defendants', (5) the time and labor involved, (6) the reaction of the class, and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases." Yarrington v. Solvay Pharms., Inc., 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010). In addition, a court must consider the affirmative relief obtained when evaluating the overall benefit to the class. See Manual for Complex Litigation (Fourth) § 21.71 (2004).

#### 1.  The benefit conferred on the Class

Class Counsel's efforts have brought about both a significant monetary recovery and important reforms to the Plan. Current and future Plan participants will continue to benefit for years from the affirmative relief obtained, which, combined with the monetary settlement amount, increases the value of the settlement to an estimated $58.1 million.

(Brown Decl. [Doc. 610] ¶ 8.) For these reasons, the benefit conferred on the Class supports awarding the requested fee.

### 2. The risk, difficulty, and novelty of the litigation

Class Counsel was also exposed to great risk. Not only did they face the very real possibility of dismissal or denial of class certification, but ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation. For example, during the pendency of this action, the Eighth Circuit Court of Appeals in Tussey v. ABB Inc., 746 F.3d 327 (8th Cir. 2014), remanded in part a judgment obtained by Class Counsel after trial, resulting in what will be additional litigation for a case first filed in 2006. Given the risk, the difficulty and novelty of the issues involved, and Class Counsel's demonstrated willingness to pursue this action for four years of intense, adversarial litigation, the Court finds that these factors also weigh in favor of Plaintiffs' fee request.

### 3. The skill of the lawyers

Few lawyers or law firms are willing and capable of handling the type of national litigation at issue here, and the Court's docket—over 600 entries long—demonstrates both sides' diligent and zealous representation of their clients' interests. Moreover, litigating the complex issues in this case required the attorneys to exercise extraordinary skill and determination. In fact, another judge in this Circuit has noted that Class Counsel are "experts in ERISA litigation." Tussey v. ABB, Inc., No. 06-04305-CV-C-NKL, 2012 U.S. Dist. LEXIS 157428, at *10 (W.D. Mo. Nov. 2, 2012). Accordingly, this factor weighs in favor of granting Plaintiffs' fee request.

### 4. The time and labor involved

The Court assesses the reasonableness of an attorney fee request under the lodestar method. To calculate the lodestar amount, the Court must multiply the reasonable number of hours expended by a reasonable hourly rate for each attorney performing the work. City of Burlington v. Dague, 505 U.S. 557, 559–60 (1992). Here, Class Counsel spent approximately 27,991 attorney hours and 2,716 hours of non-attorney professional time litigating this case. (O'Gorman Decl. [Doc. No. 613] ¶ 2.) Plaintiffs argue that application of a reasonable market rate would result in a lodestar amount of over $18 million. (Mem. in Supp. of Pls.' Mot. for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Named Pls. [Doc. No. 608] at 19–20.)

The Court finds that application of a blended rate of $514.60—approved by the Eighth Circuit for use in an ERISA case in 2014—results in a lodestar amount of $14,404,168.60. See Tussey, 746 F.3d at 340–41 (finding no abuse of discretion in the district court's use of a blended rate of $514.60 to calculate the attorney fee award). Class Counsel's fee request of $9,166,666 is far less than this lodestar amount. Accordingly, the requested fee is well within reasonable limits, and this factor favors granting Plaintiffs' Motion.

### 5. The reaction of the Class

Pursuant to the Settlement Agreement and the Court's Order, Class Counsel mailed individual notices to the Class and created a Class website to provide information to the Class. The individual notices were mailed to over 46,000 potential Class Members. (Keough Decl. [Doc. No. 617-1] ¶ 8.) The deadline for filing objections to the

Settlement, the proposed award of Class Counsel's fees and costs, and the Named Plaintiffs' incentive awards was June 13, 2015.  (Id. ¶ 14.)  As of today's date, no objections have been received.  This Court finds the lack of any objections to be a sign of the Class's support for Class Counsel's Application.  Accordingly, this factor, too, weighs in favor of granting Plaintiffs' Motion.

### 6. The comparison between the requested fee and fee awards in similar cases

Finally, in comparing the requested fee with fee awards in similar cases, the relevant comparators are ERISA class actions asserting breaches of fiduciary duties in the selection and retention of plan investment options and the reasonableness of defined contribution plan fees.  In such cases, courts have consistently awarded one-third contingent fees.  See Beesley v. Int'l Paper Co., No. 3:06-703-DRH-CJP, 2014 U.S. Dist. LEXIS 12037, at *7 (S.D. Ill. Jan. 31, 2014); Nolte v. Cigna Corp., No. 2:07-2046-HAB-DGB, 2013 U.S. Dist. LEXIS 184622, at *7–8 (C.D. Ill. Oct. 15, 2013); George v. Kraft Foods Global, Inc., No. 1:08-3799, 2012 U.S. Dist. LEXIS 166816, at *8 (N.D. Ill. June 26, 2012); Will v. Gen. Dynamics Corp., No. 06-698-GPM, 2010 U.S. Dist. LEXIS 123349, at *9 (S.D. Ill. Nov. 22, 2010).  On this basis, the fee requested by Class Counsel is reasonable even without consideration of the value of the non-monetary relief.

Each of the seven factors supports Class Counsel's requested fee.  In addition, the Court acknowledges that the Settlement provides for significant affirmative relief designed to reduce fees and improve investment offerings for the benefit of the Plan, its

participants, and the Class. Based on these considerations, the Court finds that the requested fee of $9,166,666 is reasonable and warranted.

### B. Class Counsel's Request for Reasonable and Necessary Expenses

This Court further finds that the expenses for which Class Counsel seeks reimbursement were reasonable and necessary. It is well established that counsel who create a common fund like the one at issue are entitled to the reimbursement of litigation costs and expenses, which include such things as expert witness costs, mediation costs, computerized research, court reports, travel expenses, and copy, telephone, and facsimile expenses. See Fed. R. Civ. P. 23; Boeing, 444 U.S. at 478; In re BankAmerica Corp. Sec. Litig., 228 F. Supp. 2d 1061, 1066–67 (E.D. Mo. 2002). Here, Class Counsel is seeking $782,209.69 in reimbursement for costs associated with those types of expenses—i.e., depositions, experts and consultants, transcripts and filing fees, mediation, copies, telephone and fax, data development, research and investigation, and travel. (O'Gorman Decl. ¶ 3.) Given that Class Counsel represented Plaintiffs on a contingent-fee basis, they had a strong incentive to keep these expenses at a reasonable level. See In re Marsh ERISA Litig., 265 F.R.D. 128, 150 (S.D.N.Y. 2010) (recognizing that counsel with a contingent fee agreement have a "strong incentive to keep expenses at a reasonable level"). And, although Class Counsel incurred these expenses over the course of more than four years, they do not seek interest as compensation for the time value of money or costs associated with advancing these expenses to the Class. Accordingly, the Court finds that the reimbursement request of $782,209.69 is reasonable, necessary, and warranted.

C.  **The Named Plaintiffs' Incentive Awards**

Finally, Plaintiffs request $25,000 incentive awards for each of the five Named Plaintiffs. Relevant considerations in determining whether to grant an incentive award to named plaintiffs include "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998); see In re U.S.Bancorp Litig., 291 F.3d 1035, 1038 (8th Cir. 2002) (citing Cook, 142 F.3d at 1016).

The Court finds that the Named Plaintiffs have been actively involved in pursuing this litigation. The record suggests that the Named Plaintiffs initiated the action, took on substantial risk, and remained in contact with Class Counsel. (Schlichter Decl. [Doc. No. 609] ¶ 25.) They devoted substantial amounts of their own time to benefit the Class by responding to document requests, reviewing pleadings, assisting with discovery, submitting to lengthy depositions, and attending mediation. (Id.) Additionally, ERISA litigation against an employee's current or former employer carries unique risks, including alienation from employers or peers. For these reasons, an incentive award of $25,000 to each Named Plaintiff is appropriate.

## III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses and Incentive Awards for Named Plaintiffs [Doc. No. 606] is **GRANTED**;

2. The requested attorneys' fees of $9,166,666 are **APPROVED**;

3. The requested reimbursement of $782,209.69 in outstanding costs is **APPROVED**;

4. The requested Named Plaintiff incentive awards in the amount of $25,000 each are **APPROVED**; and

5. The Settlement Administrator shall pay the sum of $9,948,875.69 to the law firm of Schlichter, Bogard & Denton out of the Settlement Fund and shall separately pay each of the five Named Plaintiffs the sum of $25,000.

Dated: July 13, 2015
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge